DOMESTIC VACUUM CLEANER CO. v. BISSELL CARPET SWEEPER CO.

(Circuit Court of Appeals, Second Circuit. January 16, 1918.)

No. 57.

PATENTS ⊘══328—VALIDITY—INVENTION—CARPET CLEANER.

The Quist & Blanch reissue patent, No. 13,408 (original No. 976,494), for a pneumatic carpet cleaner, *held* void for lack of invention, in view of the prior art.

Appeal from the District Court of the United States for the Southern District of New York.

Suit in equity by the Domestic Vacuum Cleaner Company against the Bissell Carpet Sweeper Company. Decree for complainant, and defendant appeals. Reversed.

For opinion below, see 242 Fed. 943.

This is an appeal from an interlocutory decree for infringement of reissued patent 13,508 to Quist & Blanch, granted, July 7, 1913. This patent is for an improvement upon vacuum cleaners of the carpet sweeper type and the suit involves claim 4, which is as follows:

"A pneumatic cleaner comprising a casing opening at its front end, a dust receptacle in said casing detachably connected therewith, a nozzle head detachably connected with said casing and covering the open front thereof and the open end of said dust receptacle to hold the dust receptacle in position, said nozzle being provided with an opening therethrough connecting with said dust receptacle, a suction creating device connected with said casing, and sustaining wheels connected with said casing and operatively connected with and operating said suction device by the backward and forward travel over any surface."

The essential novelty of the patent rests in the fact that the nozzle head is detachably connected with the casing and covers the open front. In the defendant's device the nozzle head and the screen or stiff bag within which the dust is drawn is all one piece. The screen is inserted into the dust chamber and the nozzle head fits close to the case, making an air-tight joint. A question of infringement arises since the defendant's dust receptacle is fixed to the nozzle head, while the defendant contends that the claim requires detachability between the nozzle head and the dust receptacle. The District Court construed the claim as not requiring such detachability and held the patent valid over all references.

Hatch & Goeser, 980,944, disclosed a vacuum cleaner which operated by an electric suction fan. The whole cleaner was compact in one piece and was rolled about the floor by the operator. It contained a small motor, which operated the fan, to which the current was brought by a wire attached to a socket in the room. At the end opposite to the wheels was a nozzle head fitted into the end of the dust chamber proper and within that chamber was the dust bag detachably connected with the nozzle. The nozzle was removable from the bag and from the end of the casing, and the front end of the machine rested upon the nozzle.

Drury W. Cooper, of New York City, and Fred L. Chappell, of Kalamazoo, Mich., for appellant.

Louis W. Southgate, of New York City, and C. L. Sturtevant and L. S. Bacon, both of Washington, D. C., for appellee.

Before WARD and HOUGH, Circuit Judges, and LEARNED HAND, District Judge.

LEARNED HAND, District Judge (after stating the facts as above). We think this patent void under Hatch & Goeser. The only differentiation between claim 4 in suit and the reference is the last part of the claim, which puts this cleaner into the class in which the suction is mechanically created by traction. In declaring invalid the Baender patent, we have determined that in all these species of cleaners the art had recourse to the various forms theretofore existing. There we said that the position of the screen in a large stationary cleaner like Kenney was available to an inventor of the carpet sweeper type; as was the position of the screen in "the two-man" type, and in the piston or plunger type. We draw no distinction between suction, created by mechanical and electrical energy, nor between a bellows and a fan. Indeed, this small one-man device of Hatch & Goeser seems to us nearer to the patent in suit than the installation of Kenney, or the "two-man" machine of J. J. Harvey was to Baender's disclosure, and of the patents Baender more nearly approaches the standard of invention than the other two.

Nor are we impressed with the suggestion that Hatch & Goeser's connection of nozzle to casing was not air-tight. We must take the patent as operative, because it passed the examiner and has not been successfully attacked in that respect. So far as our knowledge permits us an opinion the joint closed by the gasket *73*, which is pressed in place by the pressure of the threaded flange, *70*, would make an air-tight joint. Both faces against which the gasket is to bear are finished.

Nor may we, without redrawing the claim, rely upon the simplicity of the means by which the nozzle is detachably connected; the claim is barely for detachability. Indeed, we should a little hesitate to find any invention in a detachable nozzle without any reference whatever, though that question is not presented.

The decree is reversed, and the bill dismissed, for lack of invention, with costs.